UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LEVELL H. DOUGHTY**
**DOC# 95150**

**CIVIL ACTIION**

**VERSUS**

**17-1377-SDD-EWD**

**JAMES LEBLANC, INDIVIDUALLY**
**DR. RAMAN SINGH, INDIVIDUALLY**
**DR. PREETY SINGH, INDIVIDUALLY**
**NURSE WANDA DUPUY, INDIVIDUALLY**
**NURSE ELIZABETH BRITTON, INDIVIDUALLY**

**PLAINTIFF'S FIRST AMENDED COMPLAINT
UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983**

**PRELIMINARY STATEMENT**

1.

This is a civil rights case arising from the Elayn Hunt Correctional Center, Louisiana, 70776. Plaintiff, **LEVELL H. DOUGHTY,** brings this suit under the Eighth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988, as well as state law claims under La. C.C. art. 2315. Compensatory and punitive damages are sought against the Defendants for violation of the Plaintiff's civil rights.

**JURISDICTION**

2.

This is a civil action authorized by 42 U.S.C. Section 1983 to seek redress for the deprivation of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. § 1343. This action arises under the Eighth and Fourteenth Amendments of the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988, and Louisiana state law. Supplemental jurisdiction attaches to all state law claims under 28 U.S.C. 1367.

## VENUE

3.

Venue is proper under 28 U.S.C. section 1391 because a substantial part of the events which give rise to this action occurred in the Middle District of Louisiana.

## PLAINTIFF

4.

Plaintiff **Levell Doughty** is an inmate in the custody of the Louisiana Department of Public Safety and Correction, housed in the facility of Elayn Hunt Correctional Center, St. Gabriel, LA 70776.

## DEFENDANTS/RESPONDENTS

5.

Defendant, **James Leblanc,** is the Secretary of LA Department of Public Safety and Corrections. He is legally responsible for the operations of Elayn Hunt Correctional Center, St. Gabriel, LA 70776 [AND] for the welfare of all inmates of that facility. He has the legal duty to ensure his inmates receive medical treatment for their serious medical needs.

Defendant, **Preety Singh**, is medical director at the Elayn Hunt Correctional Center, St. Gabriel, LA 70776. She is responsible for the overall medical care that is provided to all inmates at that facility.

Defendant, **Dupuy,** is a registered nurse, employed at the Elayn Hunt Correctional Center, St. Gabriel, LA 70776 and is responsible for medically treating Plaintiff.

Defendant, **Elizabeth Britton**, is a nurse practitioner, working at the Elayn Hunt Correctional Center, St. Gabriel, LA 70776. She is also assigned to the Hepatitis Clinic and is responsible for medically treating Plaintiff.

Defendant, **Raman Singh**, was the medical director of the Louisiana Department of Corrections at the time of this suit and was the primary medical advisor to Secretary Leblanc on all medical policies.

Each of these defendants is sued individually in his/her personal and official capacity, for injunctive relief, at all times mentioned this complaint each defendant acted under color of state law.

## BRIEF STATEMENT OF FACTS

6.

Plaintiff arrived at the Elayn Hunt Correctional Center in the year of 2005. Following his arrival, Plaintiff was examined by the Hunt Correctional Center medical staff. After the completion of blood works, Plaintiff was informed by medical staff that he was diagnosed with hepatitis C. Plaintiff, therefore, was placed on medication [Interferon plus Ribavirin for sixteen (16) weeks. By the 16th week, Plaintiff was taken off this medications/treatment, which was due to the fact that said treatment was ineffective.

Due to the ineffectiveness of this treatment, involving the named medications above, Plaintiff's medical situation has been inadequately addressed [AND] at present, Plaintiff is suffering from the irritation of peeling skin, ammonia in the blood, weakness, and dizziness. These health complications are a result of the Hepatitis-C virus. The Plaintiff has refused to provide a cure (Harvoni), which is available on the open market.

7.

Recently, a new medication (pill) became available for those suffering from Hepatitis-C at a certain stage. This pill is at the cost of nine hundred to thirteenth hundred dollars per pill. The pill is to be taken for twelve (12) weeks. [a pill a week] to cure hepatitis C. Plaintiff, being at

early fourth state of hepatitis C, wrote the medical director, Preety Singh requesting that he be considered for this new treatment. Medical director Singh never responded to this request. Plaintiff, thereafter, spoke with nurse practitioner, Ms. Britton about this new treatment. Ms. Britton's response was that this treatment [Harvoni] cost too much and that Plaintiff would have to wait for something more affordable. Plaintiff also wrote Deputy Warden Michael, seeking the warden's assistance for consideration for this new treatment, and for a chance to live. No response was made to this request either.

These letters (copies) are attached to this complaint (A/B).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

8.

Plaintiff presented a grievance within the prison administrative remedy procedure. Plaintiff asserted within this procedure that he was being denied the right to life by the Elayn Hunt Correctional Center Medial Department. Plaintiff further asserted that he is being denied the new treatment because of the fact that this particular treatment is costly and Plaintiff is financially unable to pay any fees under the prison co-medical payment plan.

Plaintiff also asserted within the procedure that he was being discriminated against by the Medical Department in its selectivity concerning which inmates should receive certain treatments [AND] that he wished to be treated fairly in the same manner that the Medical Department treats cancer, HIV and Diabetic patients. At the first step response, it was stated that Plaintiff's record had been reviewed by RN Wanda Dupuy, in which she stated that no evidence was shown that the Plaintiff had been denied appropriate treatment or access to treatment. Not being satisfied with this response, Plaintiff sought review of the first step response. In the second

step response, the Secretary designated person stated that the first step response was accepted and that no administrative intervention was needed.

See attached, A.R.P. Responses. No. EHCC-2017-169 (6/22/2017) (4/12/2017)

## PLAINTIFF FIRST CAUSE OF ACTION

9.

Plaintiff contested that James Leblanc, Secretary of LA Department of Corrections, has allowed those under his authority to perform their respective duties in an unlawful manner, in that, the Secretary has allowed the Warden and medical personnel, to use a discriminatory and unwritten selectivity policy to pick and choose whom they will consider for the new treatment for hepatitis C, which involves the following medication:

1. Harvoni

2. Sovald

3. Viekira Pak

According to these defendants, these medications are too expensive to provide to Plaintiff for Hepatitis-C treatment. Plaintiff asserts that defendant Leblanc is responsible for the monetary budget that operates the facility in which Plaintiff is being housed. Defendant Leblanc recently stated that inmates, such as Plaintiff, were costing the State too much money for medical care (Advocate News Paper). Under the circumstances, coupled with this life-threatening disease, Defendant Leblanc, has displayed a deliberate indifference to Plaintiff serious medical needs [AND] that this deliberate indifferences was manifested through those under his authority, thus violating Plaintiff's constitutional rights to be free/protected from cruel and unusual punishment, which is prohibited 8th Amendment and 14th Amendment, U.S. Constitution.

At present, Plaintiff, as a result of this defendants deliberate indifference to his serious-life-threatening medical situation, continues to experience pain and separate emotional stress due to worrying as to whether or not he would start survive this ordeal with his Hepatitis-C disease, which is the second leading cause of death.

## PLAINTIFF'S SECOND CAUSE OF ACTION

10.

Plaintiff contends that Defendant Preety Singh, medical director for Hunt Correctional Center, has shown a deliberate indifference to plaintiff's serious life-threatening medical conditions involving Hepatitis-C, when defendant refused/failed to respond to Plaintiff's letter regarding help to sustain his life. (2/9/17).

Plaintiff asserts that as of this present date, this defendants have not made any attempt to speak with Plaintiff concerning his medical condition and Defendants have not made any attempt to have Plaintiff scheduled to see a hepatologist concerning his hepatitis C disease,

Plaintiff strongly believes that the defendant's deliberate indifference to his Hepatitis-C disease condition is due in part to the fact that the new treatment is too costly, and Plaintiff is financially unable to help pay costs for this particular treatment.

Plaintiff asserts that this defendant would rather let Plaintiff continue to suffer until some affordable treatment is made available which clearly means that this defendant has chosen to save the State money rather than to save Plaintiff's life.

Plaintiff contents that he has a right to live just as those inmates with cancer, HIV, and diabetes, and who are not denied treatment because of cost.

Plaintiff asserts that whether directly or indirectly, this defendant has subjected the Plaintiff to unnecessary and wanton infliction of pain, emotional stress, as well as punishment, in

violation of the Eighth Amendment, enforceable in this cause by reason of the 14th amendment, U.S. Constitution.

### PLAINTIFF'S THIRD CAUSE OF ACTION

11.

Plaintiff contends that defendants Wanda Dupuy, registered nurse, at the Hunt correctional center has displayed a deliberate-indifference to Plaintiff's serious medical-life-threatening condition in relations to hepatitis C disease, in that, she falsely states in response to Plaintiffs grievance that Plaintiff is not and has not been denied access to treatment when in fact, just the opposite occurred.

Defendant Dupuy has access to plaintiff's medical files and has complete knowledge of the fact that Plaintiff is in the early fourth stage of the disease but she has not made any attempt to have plaintiff treated with the new medication, which would eventually safe Plaintiff's life. Plaintiff asserts that a member of the medical profession, Ms. Dupuy had neither saved the state money nor to exercise her professional judgment to save lives, Plaintiff's life in particular. Further, Defendant Dupay, having access and knowledge of Plaintiff's condition, has yet to schedule the Plaintiff a visit with the hepatologist for his Hepatitis-C disease [AND] therefore her response to the grievance was no more than a formality.

Plaintiff contends that the defendant, because of deliberate indifference to Plaintiff's Hepatitis-C disease, has caused the plaintive to continue experiencing pain and suffering as well as emotional stress.

### PLAINTIFFS FOURTH CAUSE OF ACTION

12.

Plaintiff contends that Defendant Elizabeth Britton, nurse practitioner for Hunt Correctional Center, and hepatitis clinic, has demonstrated a deliberate indifference to plaintiff's serious medical life-threatening situation in relation to his hepatitis C disease.

Plaintiff asserts that defendant Britton is well aware of the fact that plaintiff's situation is in the early fourth stage but defendant Britton has conspired with the other defendants named in the action, to withhold treatment to Plaintiff because of the cost of the new treatment pills.

Plaintiff further alleges that defendant, in the capacity as nurse practitioner, assigned to the Hepatitis Clinic, had a duty to have Plaintiff seen by the Hepatologist but failed to do so.

This defendant chose rather to subject Plaintiff to constant pain and suffering and emotional distress rather than to save his life by providing Plaintiff the new treatment. The Defendant violated the Plaintiff's constitutional right not to be subjected to unnecessary and wanton infliction of pain and emotional distress, in violation of the 8th Amendment of the U.S. constitution, enforceable in this matter by reason of the 14th Amendment of the U.S. Constitution.

**PRAY FOR RELIEF**

Plaintiff requests that this Honorable Court assume jurisdiction over this cause, grant him compensatory and punitive damages, costs and attorney fees, judicial interest running from the date of judicial demand, and award all other proper relief.

**AND NOW, FURTHER, PLAINTIFF AMENDS AS FOLLOWS:**

13.

Plaintiff contends that Defendant, James LeBlanc, who is the Secretary of the Louisiana Department of Corrections, and who has the legal duty to ensure that inmates under his authority have their serious medical needs met, had actual knowledge in January of 2014 that the miracle

drug Harvoni, which was proven ninety-five percent effective to cure Hepatitis-C, had been approved by the Food and Drug Administration (FDA) for the treatment of Hepatitis-C, yet Mr. Leblanc made the decision to withhold treatment of the Direct Acting Antiviral medicine to Doughty and other inmates directly under his control until at least the end of October of 2016. As a result, Plaintiff continues to suffer physical pain and emotional distress as a result of being stricken with the Hepatitis-C virus.

The decision not to provide Plaintiff with Harvoni was a collaborative decision made by Defendants Leblanc and Singh as a team of medical professionals and state policymakers. Defendant Leblanc was the highest ranking state employee of all Defendants and therefore his input and influence in the decision was substantial.

14.

Plaintiff contends that Defendant Raman Singh, who is the Medical Director for the Louisiana Department of Corrections, had actual knowledge in January of 2014 that the miracle drug Harvoni, which was proven ninety-five percent effective to cure Hepatitis-C, had been approved by the Food and Drug Administration (FDA) for the treatment of Hepatitis-C, yet made the decision to not provide Harvoni to prisoners under his care until the latter part of 2016.

The decision to withhold the Direct Acting Antiviral medicines from Plaintiff was a collaborative decision made by Defendants Singh and Leblanc as a team of medical professionals and state policymakers. Dr. Singh was the highest-ranking state employed medical professional in the state of Louisiana, responsible for the care of Doughty and others similarly situated. As such, Dr. Singh's input in making the decision to not provide Harvoni to Plaintiff was substantial. As a result, Plaintiff's serious medical needs were not met.

Respectfully Submitted,

/s/Joseph J. Long
Joseph J. Long
La. Bar Roll #25968
251 Florida Street, Suite 308
Baton Rouge, LA 70801
225-343-7288
josephjlong@juno.com
*Attorney for Plaintiff*

/s/Carmen T. Hebert
Carmen T. Hebert, Esq. (#33179)
Carleton Loraso Hebert & Wittenbrink, LLC
445 North Boulevard, Ste. 625
Baton Rouge, Louisiana 70802
(225) 282-0602 Telephone
(877) 443-9889 Facsimile
chebert@lawfirmbr.com
*Attorney for Plaintiff*

/s/J.R. Whaley
J. R. Whaley #25930
WHALEY LAW FIRM
6700 Jefferson Hwy Building 12, Suite A
Baton Rouge, LA 70806
(O) (225)-302-8810
(C) (225)-333-8855
jrwhaley@whaleylaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 9th day of October, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the court's electronic filing system.

       /s/Joseph J. Long
       JOSEPH J.LONG